IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD E. SKIPTON; and
REVHONEY TEXAS, LLC,

      Plaintiffs/Counterclaim Defendants,

v.                                                               Case No. 19-2682-JWB

REVHONEY, INC.;
JERRY A. BROWN; and
DEBRA D. BROWN,

      Defendants/Counterclaim Plaintiffs.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to join Bruce Wallace and DES Development, LLC ("DES"), as counterclaim Defendants. (Doc. 29.) Plaintiffs have filed a combination response and motion to strike. (Doc. 31.) No additional responses or replies have been filed and the time for doing so has expired. For the reasons set forth herein, Defendants' motion to join (Doc. 29) is GRANTED and Plaintiffs' motion to strike (Doc. 31) is DENIED.

**I. Background**

According to the amended complaint, Plaintiff revHoney Texas, LLC (hereinafter "revHoney Texas") is a Texas limited liability company with two members – Plaintiff Donald E. Skipton and Bruce Alvin Wallace. Plaintiffs are residents of Texas. Defendant Jerry A. Brown is the president of Defendant RevHoney, Inc., a Kansas corporation. Defendant Debra D. Brown is the treasurer of RevHoney, Inc. The Browns are residents of Kansas or Missouri and the amount

in controversy exceeds $75,000, such that the court has diversity jurisdiction over the dispute pursuant to 28 U.S.C. § 1332. (Doc. 5 at 3-4.)

The amended complaint alleged that Plaintiffs were fraudulently induced to enter a shareholder purchase agreement and to invest in RevHoney, Inc. It asserted the following claims: a right of inspection of corporate records pursuant to K.S.A. 17-6510[1]; fraud and fraudulent inducement; breach of contract; breach of fiduciary duties; and application for appointment of a receiver. (Doc. 5.) Defendants were served and filed a motion to dismiss the claims on January 21, 2020. (Doc. 18.) On February 18, 2020, the court held an evidentiary hearing and denied Plaintiffs' preliminary application for appointment of a receiver. (Doc. 23.)

On April 17, 2020, Defendants, without filing an answer to the amended complaint, filed a document asserting stand-alone counterclaims. (Doc. 26.) The counterclaims named not only Plaintiff Skipton, but also Wallace and DES, a Texas limited liability company wholly owned by Skipton. After a scheduling conference with Magistrate Judge Kenneth G. Gale, at which the propriety of filing counterclaims without an accompanying answer was discussed, Defendants proceeded to file an answer to the amended complaint that included the aforementioned counterclaims, as well as a separate motion to join Wallace and DES as counterclaim defendants. (Docs. 28, 29.)

The counterclaims allege, among other things, that Skipton approached Defendants with a plan to market RevHoney, Inc.'s products in Texas, and to help Defendants purchase equipment for the business. Skipton and Wallace then allegedly promised to invest $2 million in RevHoney Inc. and to make other investments in exchange for equity in the company. Defendants allegedly

---

[1] This count was dismissed by the court in its ruling on Defendants' motion to dismiss. (Doc. 32 at 17.)

2

relied on these promises in transferring stock to revHoney Texas and agreeing to a "pass-through" lease on new equipment for the business.

According to the amended complaint, Skipton entered multiple long-term leases with North Star Leasing Company for the benefit of RevHoney Inc. RevHoney Inc. then allegedly entered into an equipment rental agreement with Skipton under which the lease payments were to be paid by RevHoney Inc. (Doc. 5 at 9.)

The court takes judicial notice that on October 28, 2018, Skipton and DES filed suit against RevHoney, Inc. in the United States District Court for the Western District of Missouri, alleging (among other things) that RevHoney Inc. breached the pass-through equipment rental agreement by failing to make payments. (*Skipton, et al. v. RevHoney Inc.,* No. 19-3379, Doc. 1 at 4-6, W.D. Mo.) An amended complaint in that action by DES alleged that prior to a hearing on its application for a temporary restraining order, RevHoney Inc. agreed to, and did, make a payment of $55,000 to bring the leases current. (*Id.*, Doc. 27 at 1-2.) In November of 2019, the parties to the Missouri suit entered into a Mediated Settlement Agreement (the "settlement agreement"). (*Id.*, Doc. 40-1.) The settlement agreement addressed the equipment rental agreement by calling for RevHoney Inc. to make the lease payments, for Debra and Jerry Brown to personally guarantee the debt, and for the Missouri action to be dismissed with prejudice. It also contained a provision on share buy-backs, under which RevHoney Inc. agreed to repurchase shares back from revHoney Texas for a total of $500,000, including an initial payment of $200,000 and $300,000 to be paid in installments. (*Id.*) A provision stated that if RevHoney Inc. failed to make the initial payment, the entire settlement agreement would be null and void. (*Id.* at 2.) RevHoney Inc. failed to make the initial payment, leading to an ongoing dispute between the parties concerning enforcement of the settlement agreement. In June of 2020, the judge in the Missouri action granted a motion to enforce

a portion of the settlement agreement dealing with the equipment rental agreement. (*Id.*, Docs. 49, 51.)

Turning back to the counterclaims in the instant case, Defendants allege that Skipton and DES falsely promised they would dismiss the Missouri action in exchange for the payment of $55,000. (Doc. 28 at 11.) They also allege that Skipton and Wallace falsely represented that they would invest $2 million in RevHoney Inc. (*Id.*) The counterclaims allege fraud and fraudulent inducement, tortious interference with business expectancy, abuse of process (based on Skipton and DES's actions in the Missouri case), breach of contract, estoppel, and defamation (based on Skipton and DES allegedly reporting to customers that RevHoney Inc. is out of business and liquidated). (Doc. 28 at 14-18.)

## II. Standards

Rule 13 provides, subject to certain exceptions, that a pleading must state any claim that the pleader has against an opposing party arising out of the transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(a)(1). A pleading may also state as a counterclaim against an opposing party any claim that is not compulsory. Fed. R. Civ. P. 13(b). "Rules 19 and 20 govern the addition of a person as a party to a counterclaim…." Fed. R. Civ. P. 13(h).

Rule 19 addresses compulsory joinder. It provides in part that a person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if, in that person's absence, complete relief cannot be accorded among existing parties. Fed. R. Civ. P. 19(a)(1)(A). If the person cannot feasibly be joined, the court must determine whether the action should proceed or be dismissed. Fed. R. Civ. P. 19(b). Rule 20 deals with permissive joinder. It provides in part that persons may be joined as defendants if any right

to relief is asserted against them jointly, severally, or in the alternative, arising out of the same transaction or occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2).

### III. Analysis

Among other things, Plaintiffs argue that Wallace and DES do not qualify for permissive joinder because there are no common questions of law or fact between Defendants and these two parties. (Doc. 31 at 6-7.) They contend the only connection between DES and Defendants is the equipment rental agreement, which is already the subject of the lawsuit in Missouri. (*Id.* at 6.) With respect to Wallace, Plaintiffs argue he should not be joined because the motion to join fails to identify any claims (or the basis of any claims) against him and because he is no longer a member of revHoney Texas. (*Id.* at 7.) The court rejects these arguments.

The allegations in the counterclaims show that permissive joinder of DES and Wallace is proper.[2] Although not a model of clarity, the counterclaims assert a right to relief against DES, Wallace, and Skipton, either jointly or severally, that arises out of the same transaction or series of transactions as Plaintiffs' claims against Defendants. The counterclaims allege in part that Skipton and Wallace knowingly made a false promise to Defendants that they would invest $2 million in RevHoney Inc., with the purpose and effect of inducing Defendants to transfer stock to revHoney Texas and to expand the business equipment. (Doc. 28 at 10-11.) This alleged reliance is directly related to the claims in Plaintiffs' amended complaint asserting that Defendants committed fraud or breached the shareholder purchase agreement by not transferring stock in RevHoney Inc. The allegation that Defendants were fraudulently induced to expand the business equipment by entering the pass-through lease arrangement is also clearly part of the same

---

[2] In view of this conclusion the court need not determine whether DES and Wallace qualify for required joinder under Rule 19.

transaction or series of transactions asserted in the amended complaint. In fact, the lease arrangement is alleged in the amended complaint and forms part of Plaintiffs' damage claim. (Doc. 5 at 9, 20.) The counterclaim allegations are directly related to the claims in the amended complaint and necessarily involve overlapping questions of fact and law. DES and Wallace are thus properly joined under Rules 13(h) and 20(b).

The court's ruling only addresses whether joinder of these parties is proper under the rules of civil procedure. It makes no determination as to whether the counterclaim allegations are sufficient to state a valid claim for relief. The court also notes that Plaintiffs argue this case and the Missouri case overlap such that the counterclaims should be stricken because they "would only serve to unnecessarily delay the case and confuse the issues." (Doc. 31 at 7.) But the only issue before the court concerns whether DES and Wallace meet the requirements for joinder. The court makes no determination of whether abstention might be appropriate to avoid duplication with the ongoing Missouri litigation. *Cf. Wakaya Perfection, LLC v. Youngevity Int'l, Inc.,* 910 F.3d 1118, 1124 (10th Cir. 2018) (discussing factors relevant to abstention when two federal suits are pending).

**IV. Conclusion**

Defendants' motion for joinder (Doc. 29) is GRANTED. The clerk is directed to add Bruce Wallace and DES Development, LLC, as parties (counterclaim defendants) under the court's electronic case filing system. Defendants are granted 20 days to serve these additional parties with the counterclaims. Plaintiffs' motion to strike the counterclaims (Doc. 31) is DENIED.[3] IT IS SO ORDERED this 23rd day of September, 2020.

---

[3] The court does direct the clerk to strike the stand-alone counterclaim document (Doc. 26), as well as the answer thereto by Plaintiffs (Doc. 27), as an unauthorized pleading. Plaintiffs are granted 30 days from the date of this order to file their answer to the counterclaims set forth in Doc. 28.

      s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

7